UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL G. SEEMILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-1503 CAS |
| ) | |
| JENNIFER BARGER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Id. at 1949.  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id. at 1950-51.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred.  Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.  Named as defendants are: Jennifer Barger, the State of Missouri and the Missouri Board of Probation and Parole.

Plaintiff asserts that defendant Jennifer Barger falsely accused him of burglary and sexual abuse of another individual in 1984.  He claims that he was falsely prosecuted and convicted and spent several years incarcerated, leading to the loss of his teeth during his incarceration.  Plaintiff seeks damages of two billion dollars for the loss of his teeth and one million dollars per day for his alleged wrongful incarceration.

**Discussion**

The essential elements of a constitutional claim under § 1983 are (1) that the defendant acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.  Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009).  In other words, § 1983 imposes liability on government actors acting under color of state law.

Plaintiff has not alleged that defendant Barger was a government actor.  As such, he cannot state a claim for relief against defendant Barger.  Even assuming that defendant Barger was employed by the State of Missouri, the complaint would still be subject to dismissal.  The complaint is silent as to whether defendant Barger is being sued in her official or individual capacity.  Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims."  Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989).  Naming a government official in her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  Id.  As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendant Barger.

Similarly, the Eleventh Amendment bars a citizen from bringing suit in federal court against the State of Missouri.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Nix v. Norman, 879 F.2d 429, 431-32

(8th Cir. 1989). Thus, the State of Missouri cannot be held liable for any alleged wrongdoing in this instance either.

Plaintiff has failed to allege any specific factual allegations against the Missouri Board of Probation and Parole, thus necessitating dismissal of his claims against this defendant. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Further, to the extent plaintiff seeks damages for his allegedly unconstitutional conviction or imprisonment, his claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87 (1994). "This holding has been referred to as the 'favorable termination' requirement." Marlowe v. Fabian, 676 F.3d 743, 746-47 (8th Cir. 2012) (citing Heck, 512 U.S. at 499, n.4 (Souter, J., concurring)). The Eighth Circuit has "recognized that this type of § 1983 plaintiff must show a favorable termination by state or federal authorities even when he is no longer incarcerated. See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir.2007)." Marlowe, 676 F.3d at 747. Plaintiff does not allege that the challenged incarceration was "reversed, expunged, invalidated, or impugned by

4

the grant of a writ of habeas corpus." Heck, 512 U.S. at 489.  As a result, he has no cause of action for unlawful imprisonment under § 1983.

Finally, plaintiff's claims are also barred by the applicable statute of limitations.  The complaint alleges that the wrongful conduct occurred in 1984.  Claims under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state where the claim arose.  Bridgeman v. Nebraska State Penitentiary, 849 F.2d 1076, 1077 (8th Cir. 1988) (per curiam).  The Missouri five-year personal injury statute of limitations, Mo. Rev. Stat. § 516.120(4) (2000), applies to § 1983 actions.  See Garrett v. Clarke, 147 F.3d 745, 746 (8th Cir. 1998); Lovejoy v. Goodrich, 798 F.2d 1201, 1202 n.2 (8th Cir. 1986).  Thus, the applicable statute of limitations on plaintiff's claims would have expired more than twenty years ago.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [Doc 3]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

　　　　　　　　　　　　　　　　　　　*/s/ Charles A. Shaw*
　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of September, 2012.